**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 22 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER GARCIA MARTINEZ,<br><br>  Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No.   20-71507<br><br>Agency No. A205-467-268<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, McKEOWN, Circuit Judge, and MOLLOY,***
District Judge.

Javier Garcia Martinez seeks review of the Board of Immigration Appeals

("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ") decision

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

that he is ineligible for withholding of removal or for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review both the BIA and IJ decisions, *see Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016), under the "substantial evidence" standard, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481, 483–84 (1992); *Arbid v. Holder*, 700 F.3d 379, 386 (9th Cir. 2012); *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Garcia Martinez failed to show that he had suffered "past persecution," which gives rise to a presumption of future persecution. 8 C.F.R. § 1208.16(b)(1)(i). The two armed robberies that Garcia Martinez endured in Mexico were reprehensible and undoubtedly frightening, but he provides no evidence that compels the conclusion that he was targeted because of his membership in a protected social group, nor does he demonstrate that these incidents rise to the stringent standard of egregiousness required to constitute persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009).

Nor does the additional evidence of robberies and threats against Garcia Martinez's family members compel such a conclusion. Although harm inflicted upon close family members may be evidence supporting a claim of past persecution, *see Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010), this harm must

2

"create a pattern of persecution closely tied to the petitioner," *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). In this case—where the threats to his family were inconsistently tied to Garcia Martinez and occurred while he was living in the United States—substantial evidence supports the IJ's conclusion that Garcia Martinez was the victim of "harassment by criminals motivated by theft," which "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) ("[P]urely personal retribution is, of course, not persecution on account of [a protected ground]."); *Tamang*, 598 F.3d at 1093 ("[H]aving already moved to the United States at the time of the alleged persecution, Tamang was far removed from the persecution that his [family] suffered and was not directly impacted in any way.").

Substantial evidence likewise supports the agency's conclusion that Garcia Martinez failed to show a clear probability of future persecution. 8 C.F.R. § 1208.16(b)(2). Garcia Martinez has provided no evidence of a nexus between the threat of future robberies and a protected ground. *See Zetino*, 622 F.3d at 1016; *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Further, the fact that his family in Mexico remains unharmed is "'substantial evidence' supporting the Board's finding that [Petitioner] lacks a well-founded fear

of future persecution based on family membership." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008), *abrogated in part on other grounds by Henriquez-Rivas*, 707 F.3d 1081.

Finally, substantial evidence supports the agency's conclusion that Garcia Martinez failed to show a clear probability of torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c), 1208.17, 1208.18(a)(1). Garcia Martinez was not previously tortured in Mexico. The threat of future robberies "does not provide a sufficient basis to conclude that any harm … would rise to the level of torture." *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018). And Garcia Martinez has provided no particularized evidence that any such harm will be inflicted by or with the complicity of public officials, other than general statements about conditions in Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**